## STATE v. ANDERSON.

1. On appeal to this court from a conviction and sentence in the Court of Sessions, questions of fact cannot be reviewed.
2. Omission by the Circuit Judge to charge upon points not requested is not error of law.
3. Political feelings should be excluded from courts of justice, but one charged as accessory before the fact may be shown to be a leader of influence among people of his class.
4. Where the only evidence of a witness's conviction of manslaughter is his own statement on the stand, he is competent to testify, he having further stated that he had been pardoned.
5. The foreman of the jury may be called upon in open court to correct a mere informality in a verdict just rendered.
6. The confession of a defendant not on trial cannot be proved in behalf of the other defendants.
7. The Circuit Judge committed no error in refusing to charge the jury that they are not bound to accept as true the testimony of a witness unless they believe *with good reason* that he is telling the truth. What kind of reasons should influence a jury is a matter exclusively for them.
8. A house in which no one slept, within a few yards of a dwelling-

house, but not appurtenant to it, used for storage of goods by a per-
son who resided in the dwelling-house and rented one of its rooms for
a store, is not the subject of burglary.

Before WALLACE, J., Edgefield, October, 1884.

The opinion states the case. The Circuit Judge reported as
follows:

The testimony relating to the first ground of appeal will be
before the court, and I need not, therefore, say anything in
regard to it.

As to the second and third grounds of appeal, I will say that
it did not occur to me to charge the jury upon the subject of
corroboration of material parts of the testimony of an accom-
plice. I suppose that it did not was because there was no diffi-
culty in my own mind upon that subject in this case. The tes-
timony of the accomplices, who used no horses themselves, in
relation to the horses and mules used by some of the appellants,
was corroborated in a striking way by the testimony of other
witnesses. One of these witnesses, who was a blacksmith, and
had shod some of the animals, recollected peculiar marks upon
the shoes he had put on them and identified these marks upon
tracks that had been traced from where the accomplices say the
animals were to an unfrequented road in which there were no
other tracks, and by the side of those tracks there were traces of
spilled flour. All this testimony will be before the court, and I
only mention it by way of explanation.

The fourth and eighth grounds of appeal relate to the suffi-
ciency of the testimony.

Touching the fifth ground, I will say that Augustus Glover
was indicted as an accessory before the fact—as having procured
the felony to be committed. I thought that the fact of his having
been a man of influence, a leader among his people in that
neighborhood, was a fact relevant to the charge. The testimony
objected to will be before the court, and, among other things, it
will be observed that no witness testified as to the side of politi-
cal questions espoused by Glover.

As to the sixth ground, Oliver Williams himself testified that
he had been convicted of manslaughter and confined in the peni-

tentiary for eighteen months, and then pardoned. The record of conviction and sentence was not produced ; neither was the pardon. The testimony of the pardon was as full as the testimony of the sentence. Besides, manslaughter is not of that class of crimes, conviction and sentence for which disqualifies an otherwise competent witness.

As to the seventh ground, the appellants can hardly make a verdict of not guilty a ground for a new trial.

The ninth ground alleges as error of law the exclusion of proof of the declarations of Edward Anderson, who, although included in the indictment, had escaped, and was not upon trial. This testimony was excluded, because proof of the confession of an accomplice is only competent against himself, and as to everybody else it is hearsay.

The tenth ground alleges as error the refusal to charge the following words: "Where a witness testifies on the stand, the jury are the sole judges of his honesty and veracity and are not bound to take everything he may say as true, unless they do believe with good reason that he is telling the truth." The jury were told that they were the sole judges of the credibility of the witnesses; that they were to reject what they believed to be untrue, and accept only what they believed to be true; and the request as framed was refused only because it held the jury bound to accept testimony as true or reject it as incredible for reasons of a particular nature and quality—"for good reason;" the law does not fetter the jury by imposing so stringent a rule upon their grounds of belief.

*Mr. Arthur S. Tompkins*, for appellant.

*Mr. Solicitor Bonham*, contra.

January 5, 1886. The opinion of the court was delivered by MR. JUSTICE McIVER. The indictment in this case contained five counts. In the first count all of the defendants were charged as principals with burglary in breaking and entering, in the night time, "an outhouse, situate within two hundred yards of the dwelling-house of Mrs. E. A. Buzzard and appurtenant

thereto and a parcel thereof, the said outhouse being used as a house for storing flour, sugar, and such like articles, there situate, * * * with intent the goods and chattels of Miss Julia Buzzard, in the said outhouse then and there being, then and there feloniously and burglariously to steal," &c.  In the second count all of the defendants were charged with the larceny of certain goods of the said Julia Buzzard.  In the third count, the defendant Glover was charged with receiving stolen goods.  In the fourth count, said Glover was charged as accessory before the fact to the burglary charged in the first count; and in the fifth count Glover was charged as an accessory before the fact to the larceny charged in the second count.

The testimony was that Miss Julia Buzzard lived with her mother, Mrs. E. A. Buzzard, the owner of the dwelling, and used one of the rooms of said dwelling as a store.  The outhouse which was broken open was in the same enclosure with the dwelling, some ten or fifteen yards distant from it, and was used for no other purpose except as a place of storage for groceries constituting a part of the stock of goods of Miss Julia Buzzard. On the trial, against the objection of defendant's counsel, a witness was asked by the solicitor whether the defendant Glover was not a recognized leader among the colored people, and in response to an inquiry from the witness whether he meant a political leader, was told, "Well, if you will have it so, say whether he is a political leader; but I mean, and you so understand me, to ask whether he is not a leader in the church, politically and socially, and in everything which constitutes a leader."

The jury returned a verdict of guilty as to all the defendants, except Augustus Glover, on the first and second counts, and a verdict of guilty as to Augustus Glover on the fourth and fifth counts, saying nothing as to the third count.  Thereupon the Circuit Judge said to them that he supposed, from their silence as to the third count, they meant to find not guilty as to that count; and, if so, the foreman of the jury could come up to the clerk's desk and write "not guilty" as to that count, which was accordingly done in open court.  A *nolle prosequi* was entered as to Oliver Williams, who was used as a witness for the State; and when offered as such, his competency was objected to on the

ground that he had been convicted of manslaughter and confined in the penitentiary for eighteen months and then pardoned. Neither the record of his conviction and sentence nor the pardon was produced, and it only appeared from his own testimony that he had been so convicted and sentenced, and it also appeared by the same testimony that he had been pardoned. The other defendant, Edward Anderson, having escaped soon after he was arrested, was not on trial.

The defendants, Green Simkins, Augustus Glover, William Blocker, Thomas Smith, and William Zimmerman, appeal upon 'ten grounds, but as several of these grounds raise only questions of fact, over which we have no jurisdiction, they need not be further noticed. The second and third grounds complain of omissions in the charge as to certain points upon which the Circuit Judge was not requested to instruct the jury, and therefore present no questions for us to adjudicate.

The fifth ground imputes error to the Circuit Judge in admitting testimony as to the "political standing" of the defendant, Augustus Glover. The language of this exception does not properly represent the nature of the testimony objected to. Properly speaking, there was no testimony as to the political standing of Glover, for, as the Circuit Judge very properly remarks, no testimony was given which would show the political party to which the accused belonged. Inasmuch as he was charged with being an accessory before the fact, and as such with having counselled and procured the offence to be committed, it was manifestly pertinent to inquire whether he had obtained such an influence over his fellows as would render it probable that he could induce them to do the act in question; and this appears to have been the sole object of the testimony—to show that he was a leader among people of the class to which he and the other defendants belonged. While, therefore, we could not too strongly condemn the introduction of political feeling or prejudice into the trial of causes in the courts of justice, we cannot say that there was any error of law in admitting testimony tending to show that a person charged as an accessory before the fact possessed such influence amongst the people of his class as would

8

render it likely that he would be able to induce others to do that which perchance he might be unwilling to do himself.

The sixth ground raises the question of the competency of Oliver Williams to testify, by reason of his having been convicted of a felony. If the record of the conviction and sentence of this witness had been offered, then it would have been necessary to produce like evidence of his pardon. But inasmuch as the only evidence of such conviction and sentence was derived from the witness's own testimony, accompanied with the statement that he had been pardoned, it seems to us that his whole declaration should have been taken together, from which it appeared that his competency to testify had been restored by a pardon, and therefore we think there was no error of law in permitting him to testify.

The seventh ground of appeal complains of error in allowing the jury to reform their verdict after they had returned from their room. 'It is quite clear that there is nothing in this ground, for, as is said in *State* v. *Corley* (13 *S. C.*, 5), "The power of the court to allow a jury to correct informalities in their verdict before it is recorded, and before the jury have dispersed, is undoubted." Where, as in this case, the correction is of a mere informality, this may be done in open court as well as by sending the jury back to their room.

The ninth ground raises the question as to the competency of the confessions of Edward Anderson, one of the parties charged in the indictment. It being well settled that the confessions of one of several defendants can only be received as evidence against himself (*State* v. *Workman*, 15 *S. C.*, 540), and Edward Anderson not being on trial, there was no error in excluding his confessions. If offered in favor of the other defendants, they could not be received under the rule excluding hearsay evidence.

The tenth ground imputes error to the Circuit Judge in refusing to charge as follows: "Where a witness testifies on the stand, the jury are the sole judges of his honesty and veracity, and are not bound to take everything he may say as true, unless they do believe with good reason that he is telling the truth." In response to this request, "the jury were told that they were the sole judges of the credibility of the witnesses; that they were to

reject what they believed to be untrue and accept only what they believed to be true; and the request as framed was refused only because it held the jury bound to accept testimony as true, or reject it as incredible, for reasons of a particular nature and quality—'for good reason.' The law does not fetter the jury by imposing so stringent a rule upon their grounds of belief." In view of the very stringent provisions of our constitution, which forbids the judges from charging juries "in respect to matters of fact," we cannot say there was any error in refusing to charge in the language of the request. The jury were properly told that they were "the sole judges of the credibility of the witnesses," and it would have been an invasion of their exclusive province if the Circuit Judge had gone further and undertaken to instruct them as to the kind of reasons which ought to influence them in reaching a conclusion as to a question of which they were the sole judges.

The only remaining inquiry is that presented by the first ground of appeal, which is in these words: "Because, as matter of law, no burglary was committed under the proof, and it was misdirection in the court so to charge." It appears from the statement hereinbefore made that the house which was broken into was an outhouse, and though within the same enclosure, and but a few yards distant from the dwelling-house, there is no evidence whatever tending to show that it was appurtenant to the dwelling. It does not appear that it was used for any purpose connected with or contributory to the dwelling-house. On the contrary, the undisputed testimony is that it was used for no other purpose but as a place of storage for the goods of Miss Julia Buzzard, who was not the owner of the dwelling, and who was merely permitted to use one of the rooms of the dwelling, in which she resided with her mother, as a store, and that there was no internal communication between the outhouse and the dwelling-house. The most that can be said of it, therefore, is that it was a store, and as there is no pretence that any one slept in the outhouse, it is clear, under the authority of the case of *State* v. *Ginns* (1 *Nott & McC.*, 583), recognized in *State* v. *Evans* (18 *S. C.*, 137), that it is not burglary to break and enter such a house in the night time with intent to commit a felony. Nor

can the case be brought within the provisions of the statute enlarging the limits within which burglary may be committed. For, as held in *State* v. *Evans supra*, it is not only necessary that the house broken into should be within two hundred yards of the dwelling-house, but it must also be appurtenant to it. See also *State* v. *Sampson*, 12 *S. C.*, 567. Hence, though the house here in question was within two hundred yards of the dwelling-house, yet, as it was not appurtenant to it, the case cannot be brought within the provisions of the statute. Upon this ground, therefore, there must be a new trial.

The judgment of this court is that the judgment of the Circuit Court be reversed, and that the case be remanded to that court for a new trial.